IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rose B. Moumouni, ) | C/A No.: 0:22-1698-MGL-SVH |
| Plaintiff, ) | |
| vs. ) | |
| Chester County School District; ) Wendell Sumter; Daniel R. ) Pfeiffer; Dana Colter Williams; Dr. ) Jeanie Ligon; and Demorrious ) Robinson, ) | ORDER AND NOTICE |
| Defendants. ) | |

Rose B. Moumouni ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against Chester County School District, Wendell Sumter, Daniel R. Pfeiffer, Dana Colter Williams, Dr. Jeanie Ligon, and Demorrious Robinson (collectively "Defendants") related to the termination of her employment. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff filed two complaints on the same day related to the termination of her employment and submitted the same attachments in both cases. *See Moumouni v. Chester County School District*, C/A No. 0:22-1697-

MGL-SVH. In this case, Plaintiff alleges "I was wrongfully terminated from the Chester County School District after filing a complaint under Title IX for sexual harassment." ECF No. 1 at 6. In the space for Plaintiff to provide the facts of her complaint, she states:

> Sexual harassment by Daniel Pfeiffer Feb. 29–March 29, 2021. Defamation of character Wendell Sumter Feb. 2021 letter. Dana Williams put feces on my car and brok[e] the mirror. Retaliation, the school district denied and blocked my unemployment benefits. Finally sexual harassment cover up.

*Id.*

Plaintiff attaches a document labeled as a "formal complaint," but it appears to primarily request discovery from Defendants. [ECF No. 1-1 at 5–8. It contains a statement of the case section in which Plaintiff alleges she filed a Title IX sexual harassment complaint against Daniel Pfeiffer on April 13, 2021. *Id.* at 5. Plaintiff states that Jeannie Ligon is the decision maker and found that Pfeiffer had not sexually harassed Plaintiff. *Id.* at 6.

Plaintiff also alleges retaliation based on her reporting to Chester County Sheriff Department that Williams was responsible for Plaintiff finding feces on the top of her car on July 9, 2021. *Id.* at 6–7. Plaintiff requests five million dollars in monetary relief, reinstatement, and oversight of the school district's Title IX money and programs.

II.   Discussion

    A.   Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.   Analysis

        1.   Individual Defendants

Plaintiff has alleged causes of action pursuant to Title VII. Individuals are not subject to suit under these statutes. *See Baird ex rel. Baird v. Rose*, 193 F.3d 462, 472 (4th Cir. 1999) (stating "Title VII does not authorize a remedy against individuals for violations of its provisions"); *Birkbeck v.*

3

*Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that Fennessey, as a Marvel employee, is not a proper defendant in this case."); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (finding that Title VII, the ADA, and the ADEA do not provide causes of action against defendants in their individual capacities). Therefore, Sumter, Pfeiffer, Colter Williams, Ligon, and Robinson are subject to summary dismissal in this case.

       2.      Insufficient Allegations

Other than alleging Pfeiffer sexually harassed her, Plaintiff does not make any factual allegations. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain

4

sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff does not state what actions she believes constituted sexual harassment and it is not clear to whom she reported the sexual harassment. Plaintiff's complaint is subject to summary dismissal for failure to allege sufficient factual allegations.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **July 8, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

June 17, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge